165 So. 254

### EXALTED MOST EXCELLENT GRAND CHAPTER ROYAL ARCH MASONS OF STATE OF ALABAMA v. CALLOWAY.

6 Div. 765.

Supreme Court of Alabama.

Jan. 16, 1936.

W. P. McCrossin and Theodore J. Lamar, both of Birmingham, for appellant.

M. B. Grace and R. J. Hagood, both of Birmingham, for appellee.

GARDNER, Justice.

For the bill's equity the argument of counsel for complainant proceeds upon a trust fund theory, and the right of complainant to petition for instructions in the management of a trust, citing Trotter v. Blocker et al., 6 Port. 269; Jones v. McPhillips, 82 Ala. 102, 2 So. 468.

As to the matter of any trust, the bill shows no more than an effort on complainant's part, as a debtor, to garner revenue from sources within its reach (member assessments), and place the same to one side for a fund with which to meet its obligations. Conceding for the moment that this may be regarded as a trust fund, the bill discloses no reason for instructions as to the same or in the management thereof. 65 C.J. 680; Birmingham Trust & Savings Co. v. Cannon, 204 Ala. 336, 85 So. 768. As to instructions concerning the disbursement of such fund, looking through form to substance, the bill in effect seeks to have defendant abandon any legal remedy for the collection of his judgment and look only to such fund for the satisfaction thereof.

Defendant's judgment is based upon the claim of her testatrix as the named beneficiary in a benefit certificate issued to her husband, which claim accrued some time prior to the establishment of the mentioned fund, with which neither she nor this defendant were concerned, and concerning which they were not bound. No reason therefore appears, other than the mere convenience of complainant, why defendant may not pursue all legal remedies to have satisfied the judgment obtained.

The cited authorities are here inapplicable.

Our conclusion, to the effect that the bill is without equity, is in accord with that

of the chancellor, and the decree sustaining the demurrer will accordingly be here affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.